IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

**STATE OF TENNESSEE v. EARL JUNIOR PIKE**

**Appeal from the Criminal Court for Davidson County**
**No. 97-A-369      Cheryl A. Blackburn, Judge**
_____

**No. M2015-01573-CCA-R3-CD – Filed July 11, 2016**
_____

The Appellant, Earl Junior Pike, is appealing the trial court's order denying his motion to correct an illegal sentence filed pursuant to Rule of Criminal Procedure Rule 36.1  The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20.  Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Trial Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Earl Junior Pike, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

The Appellant was convicted of aggravated sexual battery and rape of a child in 1998.  *State v. Earl Junior Pike*, No. 01C01-9804-CR-00168, 1999 WL 737876 (Tenn. Crim. App., Sep. 22, 1999), *perm. to app. denied*, (Tenn., Mar. 6, 2000).  He was sentenced to twelve years for the aggravated sexual battery conviction and twenty-five years for the rape of a child conviction, to be served consecutively.  *Id.*  This Court affirmed those convictions and sentences on appeal.  The Appellant subsequently sought post-conviction relief, but was unsuccessful in his pursuit.  *Earl Junior Pike v. State*, No. M2002-01363-CCA-R3-PC, 2003 WL 21486896 (Tenn. Crim. App., June 27, 2003).

On May 8, 2015, the Appellant filed a motion to correct an illegal sentence.  *See* Tenn. R. Crim. P. 36.1.  The Appellant argued that, pursuant to the "24 hour merger rule," the twelve year sentence should be merged into the twenty-five year sentence

because he committed the offenses against one victim on a single day. The trial court disagreed. Concluding that the Appellant's sentence was legal, the court held:

> In this case, Petitioner is mixing up legal concepts; specifically, the definition of "prior convictions" for purposes of determining range under the Sentencing Act in attempt[] to apply it to consecutive sentencing. The "24-hour rule" Petitioner references is [] contained in subsections under T.C.A. §§ 40-35-106, 107, and 108 to assist in defining what constitutes a prior conviction when calculating convictions for Multiple, Persistent, and Career Offender ranges, respectively.

> Petitioner's consecutive sentences for his aggravated sexual battery and rape of a child convictions comport with Tennessee sentencing statutes. Petitioner has failed to state a colorable claim pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure.

This Court hereby affirms that ruling. Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.*

The Appellant challenged the length and manner of his sentences on direct appeal. This Court concluded that his consecutive sentences were authorized by statute. *Pike*, 1999 WL 737876 at *6-8. Accordingly, the trial court correctly held that the Appellant did not state a colorable claim for relief pursuant to Rule 36.1. The Appellant raises for the first time in his brief on appeal an issue relating to a double jeopardy violation. That

issue was not presented to the trial court and thus it is waived on appeal. *See, e.g., Butler v. State*, 789 S.W.2d 898, 902 (Tenn. 1990). Regardless of waiver, this Court has emphasized that Rule 36.1 "provide[s] an avenue for correcting allegedly illegal *sentences*. The Rules does *not* provide an avenue for seeking the reversal of *convictions*." *State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622 (Tenn. Crim. App., Mar. 31, 2014), *perm. to app. denied*, (Tenn., Nov. 19, 2014) (emphases in original).

Accordingly, the ruling of the trial court is hereby affirmed pursuant to Court of Criminal Appeals Rule 20.

_____
ROBERT W. WEDEMEYER, JUDGE